IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYME OYEN, individually and on behalf of other similarly situated employees and former employees of Defendant,<br>　　Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. _____<br>JURY DEMANDED |
| | § | |
| SUN COAST RESOURCES, INC.,<br>　　Defendant. | §<br>§<br>§ | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Jayme Oyen filing this his *Complaint* complaining of Sun Coast Resources, Inc., and for cause of action would respectfully show the following:

### I. PARTIES

1.1.   Plaintiff, *Jayme Oyen* ("Oyen" or "Plaintiff"), is an individual residing in Harris County, Texas, who files this lawsuit on his behalf and on behalf of other similarly situated current and former salespersons of Sun Coast Resources, Inc. who may subsequently opt-in this lawsuit.

1.2.   Defendant, *Sun Coast Resources, Inc.* ("Sun Coast" or "Defendant"), is a Texas domestic for-profit corporation with its principal place of business in Houston, Harris County, Texas. Sun Coast may be served with process through its registered agent, Kathy E. Lehne, at 6922 Cavalcade Street, Houston, Texas 77028.

## II. Collective Action

2.1.    Oyen files this complaint on his own behalf and on behalf of other similarly situated salespersons and former salespersons of Sun Coast pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Oyen files this complaint on his behalf and on behalf of other salespersons and former salespersons of Sun Coast that were not paid one and one-half times their regular rate of pay for all hours worked over forty in a workweek ("the Class") at any time from September 10, 2010, to the present ("the Relevant Time Period").

## III. Venue

3.1.    Venue of this action is proper in this district and division because Sun Coast has its principal place of business in this district and the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

## IV. Jurisdiction

4.1.    This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §§ 201-19, as amended.

## V. Statement of Causes of Action

5.1.    Sun Coast was an "employer" of Oyen during the Relevant Time Period within the meaning of 29 U.S.C. § 203(d).

5.2.    Sun Coast was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r), during the Relevant Time Period.

5.3.    Sun Coast is engaged in the business of selling and delivering diesel fuel, gasoline, and other chemicals and lubricants to consumers engaged primarily in the oil and gas industry.

5.4. On approximately June 25, 2012, Oyen was hired by Sun Coast as a salesman.

5.5. Oyen was an employee of Sun Coast for the purposes of the FLSA.

5.6. During the Relevant Time Period, Sun Coast was an enterprise engaged in commerce or in the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.7. Oyen's job duties while employed by Sun Coast were those of a non-exempt employee under the FLSA.

5.8. During the Relevant Time Period, Oyen worked as an inside salesperson for Sun Coast.

5.9. During the Relevant Time Period, Oyen was not employed in the capacity of an outside salesman, as that phrase is used in 29 U.S.C. § 213(a)(1).

5.10. During the Relevant Time Period, Oyen's primary job duties did not involve customarily and regularly making sales away from Sun Coast's place of business.

5.11. During the Relevant Time Period, Oyen's primary job duties did not involve customarily and regularly making sales away from Oyen's home office.

5.12. Oyen was a non-exempt employee under the FLSA.

5.13. During the Relevant Time Period, it was Sun Coast's policy and/or practice to not pay its salespersons one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

5.14. Oyen regularly worked more than forty hours per week while working for Sun Coast.

5.15. Oyen was not paid one and one-half times his regular hourly rate for every hour he worked in excess of forty in a workweek.

5.16. Sun Coast owes Oyen unpaid wages for unpaid overtime under the FLSA for work he performed during the Relevant Time Period.

## VI. Violation of the FLSA

6.1. Oyen incorporates the factual allegations recited above and would show that Sun Coast is liable to him for overtime compensation under the FLSA.

6.2. Sun Coast had a statutory obligation to pay Oyen at a rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty in a given workweek. Oyen worked for Sun Coast in excess of forty hours a week during the Relevant Time Period. Sun Coast never paid Oyen for overtime at the rate of one and one-half times his regular rate of pay for his overtime hours.

6.3. At all relevant times, Oyen performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

6.4. Oyen seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA.

6.5. Sun Coast's violations of the FLSA were willful. Sun Coast knew or showed reckless disregard for whether its conduct was illegal. There is no reasonable basis for Sun Coast to believe Oyen was exempt under the FLSA or that Sun Coast's practices were permitted by the FLSA.

6.6. Sun Coast did not act in good faith in failing to pay Oyen in accordance with the requirements of the FLSA.

## VII. ATTORNEY'S FEES

7.1.    Sun Coast's refusal to abide by its statutory obligations to Oyen has made it necessary for Oyen to employ the undersigned attorney to file this lawsuit. As such, Oyen requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorney's services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs. Should members of the Class join this lawsuit and retain the undersigned, such fees, expenses, and court costs are sought for work performed on their behalf as well.

## VIII.  SECTION 216(b) COLLECTIVE ACTION

8.1.    Oyen incorporates the factual allegations recited above. Oyen files this complaint on his own behalf and on behalf of the Class during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were not paid time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

8.2.    It was Sun Coast's policy and/or practice not to pay Oyen and the other putative plaintiffs one and one-half times their regular hourly rate for hours worked in excess of forty in a workweek .

8.3.    There are other similarly situated salespersons and former salespersons of Sun Coast who were not paid one and one-half times their regular hourly rate for hours worked in excess of forty in a workweek.

8.4.    Consequently, there are other putative plaintiffs who are owed overtime wages under the FSLA for work they performed during their employment with Sun Coast.

8.5. Sun Coast's violations of the FLSA were willful. Sun Coast knew or showed reckless disregard for whether its conduct was illegal. There is no reasonable basis for Sun Coast to believe Oyen and the other putative plaintiffs were exempt under the FLSA or that Sun Coast's practices were permitted by the FLSA.

8.6. Sun Coast did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.7. Therefore, the putative plaintiffs are owed wages, overtime, liquidated damages, and attorney's fees, for the same reasons as Oyen. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Plaintiff requests such notice be issued.

## IX. Jury Demand

9.1. Oyen demands a jury on all issues to be tried in this matter.

## Prayer

WHEREFORE, Plaintiff, Jayme Oyen, prays that Sun Coast Resources, Inc. be summoned to appear, that notice be issued to other non-exempt salespersons of Sun Coast Resources, Inc., and that on final trial of this matter, Oyen be granted relief as follows:

(a) Judgment declaring that the acts and practices of Sun Coast described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Sun Coast described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Sun Coast to pay Oyen and other plaintiffs who may opt-in this litigation for actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorney's fees;

-7-

  (e) Prejudgment and post-judgment interest as provided by law; and

  (f) Such other and further relief, in law and in equity, to which Oyen and such other plaintiffs may be justly entitled.

         Respectfully submitted,

         LAW OFFICE OF G. SCOTT FIDDLER, P.C.


         /s/ G. SCOTT FIDDLER
         _____
         G. SCOTT FIDDLER
         SBOT #06957750
         FID #12508
         scott@fiddlerlaw.com
         ANDREW W. REED
         SBOT #24074935
         FID #1140192
         areed@fiddlerlaw.com
         9601 Jones Road, Suite 250
         Houston, Texas 77065
         Tel.: 281-897-0070
         Fax: 281-897-0078

         ATTORNEYS-IN-CHARGE
         FOR PLAINTIFF